IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL A. DIAZ,<br><br>Petitioner,<br><br>v.<br><br>MARTIN BITER,<br><br>Respondent. | 1:15-cv-00603 MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS AND CONSTRUE PETITION AS A MOTION TO AMEND (Doc. 8)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT COURT JUDGE TO THE INSTANT MATTER** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Kathleen McKenna, of the Office of the Attorney General for the State of California.

**I.      BACKGROUND**

On April 17, 2015, Petitioner filed the instant petition challenging his March, 2012 conviction from the Kings County Superior Court for smuggling a controlled substance into a correctional facility, aiding and abetting in criminal gang activity, and various enhancements. (Pet., ECF No. 1 at 1.) Petitioner was sentenced to an indeterminate term of thirty (30) years to life in state prison. (Id.) In the present petition, Petitioner claims: (1) that the trial court failed to strike Petitioner's prior convictions in violation of his due process rights, and (2) that appellate counsel was ineffective for failing to provide

1

1  transcript records in support of the appeal. (Pet. at 4.)

2  Respondent was directed to file an answer to the petition within sixty days.
3  (Order, ECF No. 4.) On June 17, 2015, Respondent filed a response in the form of a
4  motion to dismiss the petition. (Mot. to Dismiss, ECF No. 8.) Respondent asserts that
5  Petitioner had previously filed a petition challenging the same conviction, that the petition
6  should be construed as a motion to amend in the prior petition, and this action be
7  dismissed. (Id.)

8  **II.   ANALYSIS**

9  In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Court held that a petition
10 filed before a prior petition has been adjudicated should be considered a motion to
11 amend the prior petition rather than a second or successive petition.

12 The instant petition was filed on April 17, 2015. As noted by Respondent,
13 Petitioner filed a petition for writ of habeas corpus in this Court on October 27, 2014:
14 Diaz v. Biter, Case No. 1:14-cv-01673-JLT-HC. The petition was rather vague, and either
15 challenged Petitioner's 2012 conviction or his prior convictions from 2011 that were used
16 as strikes in enhancing his sentence for the 2012 conviction. (Case No. 1:14-cv-01673-
17 JLT-HC, Pet. at 4.) On December 24, 2014, Respondent moved to dismiss the petition,
18 and after briefing by the parties, the Court granted the motion and dismissed the petition
19 on May 7, 2015. (Case No. 1:14-cv-01673-JLT-HC, ECF Nos. 14, 23.) The Court held
20 that to the extent Petitioner challenged his 2011 conviction, the challenge was barred
21 under Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). Additionally, to
22 the extent that the petition sought to challenge his 2012 conviction, the Court held that
23 Petitioner neither stated a cognizable federal claim nor exhausted his state court
24 remedies.

25 Because the document that was initially filed in the instant case (1:15-cv-00603-
26 MJS-HC) relates to the same judgment challenged by Petitioner in the earlier-filed case
27 number (1:14-cv-00603-JLT-HC), and this petition was filed while the earlier filed petition
28 was still pending, it is appropriate to construe the document as a motion to amend the

petition in case number 1:14-cv-00603-JLT-HC.

Therefore, it is recommended that the instant petition initially will be construed as a motion to amend the petition in case number 1:14-cv-00603-JLT-HC, and that the document be re-filed in that action.

### III.   RECOMMENDATION

Accordingly, it is hereby recommended that:

1) The motion to dismiss (Doc. 8) be GRANTED and the habeas petition initially filed in filed in this action on April 17, 2015, be CONSTRUED as a motion to amend the petition in case number 1:14-cv-01673-JLT-HC;

2) The Clerk of Court be DIRECTED to file the petition (ECF No. 1) as a motion to amend in case no. 1:14-cv-01673-JLT-HC; and

3) The Clerk of Court be directed to close the current action.

Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the instant matter.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 22, 2015          /s/ 
UNITED STATES MAGISTRATE JUDGE